### STREAM v BARNARD, Exrx

Ohio Supreme Court

No 21281. Decided Mar 20, 1929

Syllabus by ROBINSON, J.

**TRIAL**

(590 W3k) The purpose of paragraphs three and four of **Section 11495, General Code,** is not to restrict but to enlarge the right of parties to an action to testify in their own behalf.

Where the representative of a deceased person, party to an action, examines as a witness the adverse party to such action, with reference to any conversation, admission or transaction of or with deceased, he he thereby waives the incompetency of such adverse party to testify as a witness in his own behalf. Thereafter such adverse party is competent to testify in his own behalf to any matter relevant to any issue in the case of which he has knowledge.

Marshall, CJ, Kinkade, Jones, Matthias, Day and Allen, JJ, concur.

### PAVILONIS v VALENTINE

Ohio Supreme Court

No 21221. Decided Mar 20, 1929

Syllabus by ROBINSON, J.

**TRIAL**

(590 J3e) The purpose of the examination of a prospective juror upon his voir dire is to determine whether he has both the statutory qualification of a juror and is free from bias or prejudice for or against either litigant.

The scope of the inquiry will not be confined strictly to the subjects, which constitute grounds for the sustaining of a challenge for cause.

It is not error to permit the examination of a prospective juror on his voire dire as to his connection with, interest in or relationship to a casualty insurance company where such a company is directly or indirectly interested in the result of the trial.

Matthias, Day and Allen, JJ, concur. Marshall, CJ, Kinkade and Jones, JJ, dissent.